938 So.2d 1003 (2006)
The SUCCESSION OF William Edward FAGET
Pier Marie Faget Jenkins, as Independent Administratrix of the Succession of William Edward Faget
v.
Audrey Menard Faget.
Nos. 2005 CA 1434, 2005 CA 1435.
Court of Appeal of Louisiana, First Circuit.
June 9, 2006.
*1004 Pierre V. Miller, II, New Orleans, Albert J. Derbes, III, Metairie, Counsel for Plaintiffs/Appellees/Exceptors William Edward Faget, Jr., Pier Marie Faget Jenkins, and Vivian Adelaide Faget.
Edwin A. Stoutz, Jr., New Orleans, Counsel for Defendant/Appellant Kerri Louise Colomb.
Harry P. Pastuszek, Jr., Patrice W. Oppenheim, Mandeville, Counsel for Defendant/Appellee Audrey Menard Colomb.
Before: CARTER, C.J., DOWNING and GAIDRY, JJ.
DOWNING, J.
This appeal involves a petitioner, Kerri Louise Colomb, who seeks to inherit from her deceased alleged biological father. Ms. Colomb was born during her mother's marriage to another man. Subsequent to Ms. Colomb's birth, Ms. Colomb's mother married the alleged biological father. Regarding Ms. Colomb's claim for filiation under La. C.C. art. 209, the trial court sustained the defendants/appellees'[1] ("Faget heirs"') exception of prescription. Regarding her claim for filiation under La. C.C. art. 198, the trial court rendered summary judgment against Ms. Colomb and in favor of the Faget heirs, dismissing Ms. Colomb's claims with prejudice. For the following reasons, we affirm the judgment of the trial court.

FACTS AND PROCEDURAL HISTORY
Kerri Louise Colomb was born in August 1966 during her mother's marriage to Harvey Colomb. Her mother and Harvey Colomb subsequently divorced, and her mother married Dr. William E. Faget, the *1005 decedent. Dr. Faget had three children, the Faget heirs, from a previous marriage.
Dr. Faget died intestate in May 2003. In March 2004, Ms. Colomb sought to intervene in the administration of Dr. Faget's succession by filing an objection to a partial petition for possession on the grounds that she was the child of Dr. Faget and was also an intestate heir. She sought a declaration to that effect.
Subsequently, the Faget heirs filed a motion for summary judgment against Ms. Colomb. Later, they filed an exception of prescription asserting that Ms. Colomb's claims were time-barred.
In January 2005, the trial court held a hearing on the motion for summary judgment and on the exception of prescription. The trial court rendered judgment sustaining the Faget heirs' exception of prescription as to Ms. Colomb's claim arising under former La. C.C. art. 209, dismissing the claim with prejudice. It overruled the exception of prescription as to Ms. Colomb's claim arising under former La. C.C. art. 198. However, the trial court granted the Faget heirs' motion for summary judgment, dismissing with prejudice Ms. Colomb's La. C.C. art. 198 claim for filiation. The trial court denied Ms. Colomb's motions for new trial and for reconsideration.
Ms. Colomb now appeals contending the trial court erred in sustaining the exception of prescription and in granting summary judgment.
The Faget heirs have filed an exception of no cause of action for the first time in this court.

DISCUSSION
In addressing her assignments of error, Ms. Colomb does not argue that material facts or questions of law exist to preclude entry of summary judgment as to her La. C.C. art. 198 claims. Nor does she argue that prescription was interrupted or failed to run on her La. C.C. art. 209 action. Rather, she argues that she has proven her paternity claim under the provisions of 2005 La. Acts 192, which amended and reenacted La. C.C. arts. 178 through 211. This act became effective June 29, 2005, while this appeal was pending. Ms. Colomb frames her issue presented for review as, "In light of the enactment of Act 192 of 2005, does the appellant have a viable paternity claim?"
The Faget heirs, in addressing their exception of no cause of action, argue that Ms. Colomb fails to state a cause of action for applying 2005 La. Acts 192 to the issues before us. Act 192 became effective while this appeal was pending. The Faget heirs claim such application would violate their right to due process by divesting them of a vested right to plead prescription.[2]
Addressing the exception of no cause of action first, we overrule the exception because we are bound to consider all law applicable to the case on review. La. C.E. art. 202A mandates that "[a] court, whether requested to do so or not, shall take judicial notice of the laws of the United States, of every state, territory, and other jurisdiction of the United States. . . ." Thus, we are required to notice the provisions of our own law even if argued for the first time in this court.
We therefore review the trial court judgment in light of the provisions of 2005 La. Acts 192.

*1006 Claim under Former Louisiana Civil Code art. 209

In its first pertinent decree, the trial court maintained the Faget heirs' exception of prescription and dismissed Ms. Colomb's claim with prejudice to the extent her claim to establish paternity through DNA evidence arose under former La. C.C. art. 209. This article provided, in pertinent part, as follows:
B. A child not entitled to legitimate filiation nor filiated by the initiative of the parent by legitimation or by acknowledgment under Article 203 must prove filiation as to an alleged deceased parent by clear and convincing evidence in a civil proceeding instituted by the child or on his behalf within the time limit provided in this article.
C. The proceeding required by this article must be brought within one year of the death of the alleged parent or within nineteen years of the child's birth, whichever first occurs. This time limitation shall run against all persons, including minors and interdicts. If the proceeding is not timely instituted, the child may not thereafter establish his filiation, except for the sole purpose of establishing the right to recover damages under Article 2315. A proceeding for that purpose may be brought within one year of the death of the alleged parent and may be cumulated with the action to recover damages.
Ms. Colomb's attempt to establish paternity through DNA results clearly fell under former La. C.C. art. 209.[3] Accordingly, by terms of that article, her claim prescribed when Ms. Colomb was nineteen years old, some eighteen to nineteen years prior to this litigation.
Ms. Colomb argues, however, that the current La. C.C. art. 197,[4] which was enacted by 2005 La. Acts 192, now applies to her claim for paternity, rather than the prescriptive period contained in former La. C.C. art. 209. Ms. Colomb focuses on Section 3 of Act 192, which provides: "The provisions of this Act shall be applicable to all claims existing or actions pending on its effective date and all claims arising or actions filed on and after its effective date."
Thus, Ms. Colomb argues that current Art. 197 now applies to her claim for paternity and that the prescriptive period contained in former La. C.C. art. 209 no longer controls her claim.
We incline to a contrary view, however. We do not interpret Act 192 to revive prescribed claims or to create new rights.
*1007 In Chance v. American Honda Motor Co., Inc., 93-2582 (La.4/11/94), 635 So.2d 177, 178, the Louisiana Supreme Court observed that if it were to interpret a statutory amendment to allow revival of prescribed causes of action, "the substantive rights of the defendant would be materially changed because he would be stripped of this acquired defense." The court then ruled that it would "require, at the very least, a clear and unequivocal expression of intent by the legislature for such an `extreme exercise of legislative power.'" Id. Finding no clear expression of intent regarding the amended code article at issue, the Supreme Court declined to apply the amendment retroactively to revive a prescribed right. Id. at 179.
In Cameron Parish School Bd. v. Acands, Inc., 96-0895, p. 10 (La.1/14/97), 687 So.2d 84, 90-91, the Louisiana Supreme Court concluded that while "the legislature's use of the phrase `any action' could ostensibly be construed to mean the legislature intended to revive already prescribed causes of action, such phrasing is far from `a clear and unequivocal expression of intent by the legislature.'" It then found "such liberal use by the legislature of the word or phrases `action,' `any action,' `all actions,' and `any and all actions' in [respective] prescriptive statutes supportive of [its] determination that the legislature, in using such wording in the statute at issue herein, has not clearly and unequivocally expressed an intent to revive an already prescribed cause of action for abatement of asbestos in La. R.S. 9:5644." Id., 96-0895 at p. 10, 687 So.2d at 91.
Here, by its own terms, 2005 La. Acts 192 applies "to all claims existing or actions pending on its effective date." However, the act does not clearly and unequivocally express an intent to have the act apply retroactively to revive a right. We therefore do not apply it retroactively to revive Ms. Colomb's prescribed claim. See In re Succession of McKay, 05-603, pp. 4-6 (La.App. 3 Cir. 2/1/06), 921 So.2d 1219, 1222-23, reaching the same conclusion.
We note Ms. Colomb's argument that the matter below is a succession and not a lawsuit and that the status of an asserted intestate heir is not a cause of action. Be that as it may, the law affords the Faget heirs the vested right to plead prescription. See Chance, 93-2582, 635 So.2d at 178. The legislature has not clearly expressed its intent to deprive them of this right.[5]
Accordingly, Ms. Colomb's arguments in this regard are without merit.

Claims under Former La. C.C. art 198
In opposition to the trial court's grant of summary judgment against her on her former La. C.C. art. 198 claims, Ms. Colomb argues that she is no longer required to prove acknowledgment to establish paternity and that results of DNA testing establish presumptive paternity. She argues that La. C.C. art. 198 has been repealed and that the new Art. 197 controls. Former art. 198 provided as follows:
Illegitimate children are legitimated by the subsequent marriage of their father and mother, whenever the latter have formally or informally acknowledged them as their children, either before or after the marriage.
We have discussed the efficacy of Ms. Colomb's argument above. Her claim for paternity based on DNA evidence has prescribed and has not been revived by Act 192. Here, Ms. Colomb has failed to show *1008 the existence of any genuine issue of material fact or that the Faget heirs are not entitled to summary judgment as a matter of law, see La. C.C.P. art. 966B. Accordingly, we affirm the trial court's judgment entering summary judgment in favor of the Faget heirs on this issue. Ms. Colomb's arguments in this regard lack merit.

Constitutionality
We decline to consider Ms. Colomb's arguments regarding the constitutionality of La. C.C. arts. 198 and 209. A constitutional challenge must be specially pled in the trial court with the grounds for the claim particularized. Mallard Bay Drilling, Inc. v. Kennedy, 04-1089, p. 9 (La.6/29/05), 914 So.2d 533, 541. Ms. Colomb raised the issue for the first time in a motion for new trial filed with the trial court. Since the issue was not properly raised in the trial court, and was not considered by the trial court, we will not address it now.

DECREE
For the foregoing reasons, we overrule the Faget heirs' exception of no cause of action that was filed for the first time in this court and was not ruled on by the trial court. Further, we conclude Ms. Colomb's assignments of error are without merit, and we affirm the judgment of the trial court. Particularly, we affirm the judgment of the trial court maintaining the Faget heirs' exception of prescription as to Ms. Colomb's claim arising under La. C.C. art. 209 and dismissing them with prejudice. We further affirm the judgment of the trial court granting the Faget heirs' motion for summary judgment and entering judgment dismissing with prejudice Ms. Colomb's La. C.C. art. 198 claim for filiation. Costs of this appeal are assessed to Kerri Louise Colomb.
EXCEPTION OF NO CAUSE OF ACTION OVERRULED; AFFIRMED
CARTER, J., concurs.
NOTES
[1] The defendants/appellees are Pier Marie Faget Jenkins, Independent Administratrix of the succession and heir, Vivian Adelaide Faget, heir, and William Edward Faget, heir.
[2] Louisiana Code of Civil Procedure art. 2163 authorizes us to consider this exception that was raised for the first time in this court.
[3] See Griffin v. Succession of Branch, through Smith, 479 So.2d 324, 327 (La. 1985) where the Louisiana Supreme Court explained:

[T]hose children who do not fall into one of the enumerated classes (i.e. presumed legitimately filiated under Article 184, legitimated under Article 198, or formally acknowledged under Article 203) must institute an Article 209 filiation proceeding. As to those classes of children enumerated in the article, there is no provision for an Article 209 filiation action. We conclude that children who fall into one of the enumerated classes contained in Article 209 are not precluded from instituting a filiation action under that article, they are merely relieved of the obligation to do so by operation of law.
[4] Current Louisiana Civil Code art. 197 now provides for a child's claim for paternity as follows:

A child may institute an action to prove paternity even though he is presumed to be the child of another man. If the action is instituted after the death of the alleged father, a child shall prove paternity by clear and convincing evidence.
For purposes of succession only, this action is subject to a peremptive period of one year. This peremptive period commences to run from the day of the death of the alleged father.
[5] Whether the legislature can lawfully deprive a party of this vested right is not before us, and we make no comment on the legality of such action. We only rule in this regard that the legislature has not clearly attempted to do so.