994 So.2d 120 (2008)
SUCCESSION OF Hayward Lee JAMES.
No. 2007 CA 2509.
Court of Appeal of Louisiana, First Circuit.
August 21, 2008.
*121 Daniel Frazier, Jr., Baton Rouge, LA, for Plaintiff/Appellee Barbara James Collins.
Anthony C. Dupre, Ville Platte, LA, for Intervenor/Appellant Mona Lisa Tyler Thibodeaux.
Before GAIDRY, McDONALD, and McCLENDON, JJ.
McCLENDON, J.
In this succession proceeding, the plaintiff-in-intervention, Mona Lisa Tyler Thibodeaux, filed a "PETITION TO ESTABLISH FILIATION" and sought to have the deceased, Mr. Haywood Lee James, declared to be her biological father. Finding that the matter has prescribed, we affirm the judgment.

FACTS AND PROCEDURAL BACKGROUND
Barbara James Collins, the sister of the deceased Mr. James, initiated his succession proceeding by filing a petition for administration. The petition alleged that Mr. James died on May 24, 2007 and that he had no children.
On June 15, 2007, Ms. Thibodeaux filed the intervention in the succession proceeding. Her petition to establish filiation alleged that she was born on January 16, 1966, and that Mr. James was her biological *122 father. Individually, and on behalf of the succession as its administrator, Ms. Collins answered the petition and generally denied the intervenor's allegations.
Subsequently, Ms. Collins filed a peremptory exception raising the objection of prescription. Ms. Collins argued that Ms. Thibodeaux failed to file her petition to establish filiation within nineteen years of her birth, and thus, under former LSA-C.C. art. 209 in effect at the time of Ms. Thibodeaux's nineteenth birthday, the matter had prescribed before Mr. James died in 2007. Because the matter had prescribed years before article 209 was replaced by LSA-C.C. art. 197, which contains a more beneficial prescriptive period, Ms. Collins argued that article 197 was not applicable to the filiation action and the prescribed claim could not be revived. After a hearing, the trial court granted the exception of prescription and dismissed the intervention seeking filiation.
Ms. Thibodeaux appealed. On appeal, Ms. Thibodeaux notes that Mr. James did not die until 2007, and the change in the prescriptive period was made applicable to actions filed after article 197's effective date of June 29, 2005. Thus, she argues that LSA-C.C. art. 197 controlled her cause of action, not LSA-C.C. art. 209.

APPLICABLE LEGAL PRECEPTS

PEREMPTION OF FILIATION ACTIONS
Former LSA-C.C. article 209 contained the following pertinent provisions:
B. A child not entitled to legitimate filiation nor filiated by the initiative of the parent by legitimation or by acknowledgment under Article 203 must prove filiation as to an alleged deceased parent by clear and convincing evidence in a civil proceeding instituted by the child or on his behalf within the time limit provided in this article.
C. The proceeding required by this article must be brought within one year of the death of the alleged parent or within nineteen years of the child's birth, whichever first occurs. This time limitation shall run against all persons, including minors and interdicts. If the proceeding is not timely instituted, the child may not thereafter establish his filiation, except for the sole purpose of establishing the right to recover damages under Article 2315. A proceeding for that purpose may be brought within one year of the death of the alleged parent and may be cumulated with the action to recover damages. (Emphasis added.)
In Matherne v. Broussard, XXXX-XXXX, p. 8 (La.App. 1 Cir. 2/14/07), 959 So.2d 975, 980, this court held that the time limitation in article 209 was peremptive.
The passage of Acts 2005, No. 192, resulted in the enactment of the current LSA-C.C. art. 197, which became effective on June 29, 2005, and replaced former LSA-C.C. art. 209. Article 197 provides as follows:
A child may institute an action to prove paternity even though he is presumed to be the child of another man. If the action is instituted after the death of the alleged father, a child shall prove paternity by clear and convincing evidence.
For purposes of succession only, this action is subject to a peremptive period of one year. This peremptive period commences to run from the day of the death of the alleged father.
Thus, article 197, which was deemed peremptive by the legislature, changed the time period for bringing an action to establish filiation or paternity, in a succession proceeding, to one year from the day of *123 the death of the alleged father. See LSA-C.C. art. 197 & Revision Comments-2005(e). Section 3 of Act 192 stated that the new time provision was applicable to "all claims existing or actions pending on its effective date and all claims arising or actions filed on and after its effective date."
Peremption "is a period of time, fixed by law, within which a right must be exercised or be forever lost." Borel v. Young, XXXX-XXXX, p. 8 (La. 11/27/07), 989 So.2d 42, 48; see LSA-C.C. art. 3458. "Peremption may not be renounced, interrupted, or suspended." LSA-C.C. art. 3461. In addition, exceptions to prescription, such as contra non valentem, do not apply to a peremptive period. Borel, XXXX-XXXX at pp. 8-9, 989 So.2d at 49.

RETROACTIVE REVIVAL OF CAUSES OF ACTION
When faced with the issue of whether a change in a prescriptive period can be applied retroactively to revive an action or right that prescribed before a change in the law, the Louisiana Supreme Court, in the products liability case of Chance v. American Honda Motor Company, Inc., 93-2582 (La.4/11/94), 635 So.2d 177, 177-78, employed the following analysis:
Although prescriptive statutes are generally procedural in nature, the revival of an already prescribed claim presents additional concerns. For while the defendant does not acquire anything during the running of the prescriptive period, once the time period has elapsed, the legislature grants the defendant the right to plead the exception of prescription in order to defeat the plaintiffs claim. La.Code Civ.P. arts. 927 & 934. Because the defendant acquires the right to plead the exception of prescription, a change in that right constitutes a substantive change in the law as applied to the defendant. See St. Paul Fire & Marine Ins. Co. v. Smith, 609 So.2d 809, 817 (La.1992) ("Substantive laws either establish new rules, rights, and duties or change existing ones."); Thomassie v. Savoie, 581 So.2d 1031, 1034 (La.App. 1st Cir.1991) ("[I]f a statute which is remedial or procedural also has the effect of making a change in the substantive law, it must be construed to operate prospectively only."). Thus, were we to interpret the amendment at issue to allow the revival of prescribed causes of action, the substantive rights of the defendant would be materially changed because he would be stripped of this acquired defense. Guided by the principles established in [La.Civ.Code] article 6 [which provides that substantive laws apply prospectively only], we require, at the very least, a clear and unequivocal expression of intent by the legislature for such an "extreme exercise of legislative power." (Footnote omitted.)
Based on its analysis and a finding that the legislature had not provided a clear expression of any intent to make the change in a prescriptive article retroactive, Chance held that the barred action could not be revived.
In Cameron Parish School Board v. Acands, Inc., 96-0895 (La.1/14/97), 687 So.2d 84, our supreme court again considered the issue of the revival of a previously prescribed claim and employed the Chance analysis. Although the supreme court noted that the legislature directed that the statute in question was to apply to "any action," the court found:
liberal use by the legislature of the word or phrases "action," "any action," "all actions," and "any and all actions" in these prescriptive statutes supportive of our determination that the legislature, in using such wording in the statute at *124 issue herein, has not clearly and unequivocally expressed an intent to revive an already prescribed cause of action. . . .
. . .
[T]he language used in the statute does not contain any reference to revival of prescribed claims. Moreover, the legislative history of this statute gives no indication of any intent on the part of the legislature that this statute should apply to revive causes of action which had already prescribed under the law existing prior to the statute's enactment.
Cameron Parish School Board, 96-0895, pp. 10-11, 687 So.2d at 91.
To decide cases involving the change in the law effected by the adoption of Civil Code article 197, the Chance analysis was adopted by the third circuit in Succession of McKay, 2005-603, pp. 4-6 (La.App. 3 Cir. 2/1/06), 921 So.2d 1219, 1222-23, writs denied, XXXX-XXXX (La.6/2/06), 929 So.2d 1252 & XXXX-XXXX (La.6/2/06), 929 So.2d 1253; and subsequently by this court in the similar case of Succession of Faget, XXXX-XXXX, XXXX-XXXX (La.App. 1 Cir. 6/9/06), 938 So.2d 1003, writ denied, XXXX-XXXX (La.11/9/06), 941 So.2d 40, See also Jeanmarie v. Butler, XXXX-XXXX p. 3 (La. App. 4 Cir. 10/11/06), 942 So.2d 578, 579 (followed holding in Succession of McKay).
Specifically, Succession of McKay, 2005-603 at p. 1, 921 So.2d at 1221, involved an alleged father who died before the effective date of article 197. In its review, the third circuit analyzed the issue of retroactivity of article 197 under Chance and Cameron Parish School Board, and came to the following conclusion:
Similarly, ... 2005 La.Acts No. 192 § 3, provides that "[t]he provisions of this Act shall be applicable to all claims existing or actions pending on its effective date and all claims arising or actions filed on and after its effective date." We find no "clear and unequivocal" expression by the legislature that Article 197 revives filiation claims which have already prescribed. It is clear that the intent of the legislature was to ensure that the provisions of the Act applied to causes of action that had not prescribed but were existing or already in litigation on June 29, 2005, the effective date of the Act. We, therefore, find that Article 197 is not applicable to these already-prescribed claims.
Succession of McKay, 2005-603 at pp. 5-6, 921 So.2d at 1223.
In Succession of Faget, XXXX-XXXX at pp. 3 & 6-7, 938 So.2d at 1005 & 1007, which also involved an alleged father who died before the effective date of the change in the law, this court cited Succession of McKay and employed the Chance and Cameron Parish School Board analysis. After a review of the new legislation, we found that Act 192 did not clearly and unequivocally express an intent to have LSA-C.C. art. 197 apply retroactively to revive a claim or create new rights. Succession of Faget, XXXX-XXXX at pp. 6-7, 938 So.2d at 1006-1007.

ANALYSIS
To distinguish this case from previously cited appellate opinions holding that LSA-C.C. art. 197 cannot be applied retroactively to revive an action, including this court's holding in Succession of Faget, Ms. Thibodeaux points out that the alleged parent in those cases died before the enactment of LSA-C.C. art. 197. In contrast, her alleged father died after the effective date of the article. Thus, she argues, article 197, the law in effect on her alleged father's date of death, should apply. Ms. Thibodeaux's primary support for her argument appears to stem from the language of section *125 3 of Act 192, providing that the new law, article 197, applied to "claims existing or actions pending on its effective date" and "actions filed on and after its effective date." Further, she argues that her cause of action herein is one to determine her status as an heir in a succession, and is not a true action for filiation that would have prescribed under LSA-C.C. art. 209.
We disagree. Firstly, though filed in a succession proceeding, the cause of action here is one to establish paternity or filiation; a prerequisite action necessary before Ms. Thibodeaux can qualify as an heir. For such actions to establish heirship in succession proceedings, former 209 and current 197 were and are the specifically applicable articles. We also note that, while the caption of a pleading is not always definitive, Ms. Thibodeaux's action is not only entitled "FILIATION," the facts alleged assert a claim for filiation.
Secondly, despite the death of the alleged father in this case after the effective date of article 197, a close reading of the appellate courts' analysis of the article 197 retroactivity issue, relying on the principles developed by our supreme court, expose the flaw in Ms. Thibodeaux's argument. Although we agree that section 3 of Act 192 makes article 197 applicable to "existing claims" and "actions" filed after the effective date, it is clear from the language of Cameron Parish School Board that the legislature's use of the terms "claims" or "actions" refers to existing or viable causes of action and does not denote a matter that has prescribed or been perempted. See Cameron Parish School Board, 96-0895, p. 10, 687 So.2d at 91. Referencing the language from Cameron Parish School Board, this court, in Succession of Faget, XXXX-XXXX & 1435 at p. 7, 938 So.2d at 1007, and the third circuit in Succession of McKay, 2005-603 at pp. 5-6, 921 So.2d at 1223, also held that such wording referred to still existing and pending claims, not actions that had prescribed or been perempted. Thus, it is clear from the applicable jurisprudence that the analysis applied, to determine whether article 209 or 197 controlled, did not rest on whether the alleged father died before or after the effective date of article 197. Rather, the focus was on the date that the time limit for filing her viable action for filiation ended.
Under article 209, which was in effect on Ms. Thibodeaux's nineteenth birthday, her action for filiation was perempted when Ms. Thibodeaux, born in 1966, failed to file her action before said nineteenth birthday, many years before the death of her alleged father. Her cause of action or right was not merely barred and rendered inchoate, but was extinguished and ceased to exist more than twenty years before she filed her filiation claim.
The Chance jurisprudential analysis, followed by this court and other circuits, determined that, in the case of a prescribed or perempted action, a retroactive application would deprive a defendant of a right to plead prescription or peremption. However, before deciding if such a substantive right may ever be impaired, the threshold inquiry is whether the legislature clearly and unequivocally expressed an intent to apply retroactively a change in the time limitation. Thus, the inquiry here is the same as in Succession of Faget: whether article 197 was clearly intended by the legislature to apply retroactively to Ms. Thibodeaux's filiation action that had already been perempted before the effective date of the change.
The legislature did not clearly and unequivocally express, in either the act, the new law, or revision comments, an intent to have new article LSA-C.C. art. 197 *126 apply retroactively to revive the right, claim, or cause of action at issue here. In the absence of retroactive application, article 209 controlled. See Succession of Faget, XXXX-XXXX, XXXX-XXXX at p. 7, 938 So.2d at 1007. Thus, Ms. Thibodeaux's action was no longer pending or viable at the time of the filing of the petition to establish filiation, and the trial court was correct in dismissing the intervention.

CONCLUSION
For these reasons, we affirm the judgment of the trial court. The costs of the appeal are assessed to appellant, Ms. Mona Lisa Tyler Thibodeaux.
AFFIRMED.