JAMES F. McKAY III, Judge.
 

 |,In this filiation action, the plaintiff, Nicholas Russell, appeals the trial court’s maintaining of the exception of prescription filed by the defendant, Succession of Lawrence Trevor Winchester, Jr. We affirm.
 

 FACTS AND PROCEDURAL HISTORY
 

 Lawrence Winchester, Jr. died on September 27, 2008. He was married only once to Lois Courseault Winchester and they had five children. However, Mr. Winchester had an intimate relationship with Debra Russell in February and March of 1985. Debra Russell gave birth to Nicholas Russell on December 23, 1985. A DNA test prior to Mr. Winchester’s death demonstrated that there was a 99.998% probability that he was Mr. Russell’s father.
 

 On July 19, 1991, Mr. Winchester executed a statutory will which left his estate to the five children of his marriage. Succession proceedings were instituted on October 16, 2008. Two weeks later, Mr. Russell presented to the succession results of the paternity test. On November 13, 2008, the succession representative filed a supplemental affidavit of heirship acknowledging the test result.
 

 lijOn September 29, 2009, Mr. Russell commenced a filiation action in a separate proceeding. The estate filed exceptions of prescription, no cause of action, and no right of action. On November 19, 2009, the trial court granted the exception of prescription and deemed the remaining ex
 
 *251
 
 ceptions moot. Mr. Russell moved for a new trial/reconsideration of the judgment which was granted. However, on June 3, 2010, the trial court again sustained the estate’s exception of prescription. DISCUSSION
 

 On appeal, the plaintiff raises the following assignments of error: 1) the district court erred in ruling that the estate was not put on notice of an additional forced heir in the Succession of Mr. Winchester; and 2) the district court erred in ruling that Mr. Russell’s petition of filiation did not relate back to the original filing. In essence, the issue before this Court is whether or not Mr. Russell’s claim for filiation has prescribed.
 

 Nicholas Russell filed his petition under current La. C.C. art. 197. La. C.C. art. 197 was enacted on June 29, 2005, replacing former La. C.C. art. 209. La. C.C. art. 197 provides as follows:
 

 A child may institute an action to prove paternity even though he is presumed to be the child of another man. If the action is instituted after the death of the alleged father, a child shall prove paternity by clear and convincing evidence.
 

 For purposes of succession only, this action is subject to a peremptive period of one year. This peremptive period commences to run from the day of the death of the alleged father.
 

 La. C.C. art. 197.
 

 Former C.C. art. 209, which was in effect on Mr. Russell’s nineteenth birthday, provided in part as follows:
 

 |SB. A child not entitled to legitimate filiation nor filiated by the initiative of the parent by legitimation or by acknowledgment under Article 203 must prove filiation as to an alleged deceased parent by clear and convincing evidence in a civil proceeding instituted by the child or on his behalf within the time limit provided in this article.
 

 C. The proceeding required by this article must be brought within one year of the death of the alleged parent or within nineteen years of the child’s birth, whichever occurs first. This time limitation shall run against all persons, including minors and interdicts. If the proceeding is not timely instituted, the child may not thereafter establish his filiation, except for the sole purpose of establishing the right to recover damages under Article 2315. A proceeding for that purpose may be brought within one year of the death of the alleged parent and may be cumulated with the action to recover damages.
 

 Former La. C.C. art. 209.
 

 Under both of these articles, Mr. Russell’s petition for filiation is prescribed on its face. However, Mr. Russell argues that his filiation petition should be allowed to relate back to the original petition filed by the defendant in a separate proceeding. There is no basis under the law for this argument. La. C.C.P. art. 1151 provides in part:
 

 A plaintiff may amend his petition without leave of court at any time before the answer thereto is served. He may be ordered to amend his petition under Articles 932 through 934. A defendant may amend his answer once without leave of court at any time within ten days after it has been served. Otherwise, the petition and answer may be amended only by leave of court or by written consent of the adverse party.
 

 La. C.C.P. art. 1151.
 

 |4Mr. Russell also argues that he should have been made a party to the succession proceeding. However, he did not take the requisite action to qualify as an heir. Therefore, he had no right to
 
 *252
 
 participate in the succession.
 
 See Succession of James,
 
 2007-2509, pp. 7-8 (La.App. 1 Cir. 8/21/08), 994 So.2d 120,125.
 

 In the instant case, Mr. Russell waited until almost twenty-three years after his birth and one year and two days after the death of Mr. Winchester to file a petition for filiation. Mr. Russell did not take any of the required formal steps to interrupt prescription. Unfortunately for Mr. Russell, his action for filiation is prescribed under both La. C.C. art. 197 and former La. C.C. art. 209.
 

 CONCLUSION
 

 For the foregoing reasons, we affirm the trial court’s maintaining the defendant’s exception of prescription.
 

 AFFIRMED