BROWN, J.
In this action for refund of local sales and/or use taxes paid under protest, plaintiffs appeal a ruling dismissing their action as untimely. For the foregoing reasons, we reverse and remand.

Factual and Procedural Background

The Caddo — Shreveport Sales and Use Tax Commission (“the Commission”) audited “Noram (sic) Energy Co.” for the period of January 1993 through December 1996. On June 26, 1998, the Commission notified “Noram (sic) Energy Co.” of its findings and assessment of $419,389.30 to be paid by July 13,1998.
Under § 11.01 of the City of Shreveport and Caddo Parish School Board Sales and Use Tax Ordinances (“the Ordinances”) any dealer aggrieved by the assessment is granted a remedy. The amount owed must be paid by the deadline and notice given of the dealer’s intent to file a lawsuit to recover what was paid under protest. The ordinance grants the dealer 30 days after payment to institute an action.[1]
On the due date, July 13,1998, “Houston Industries Incorporated” paid the assessment of “NorAm Energy Corp.” and advised that the “taxpayer” intended to file suit. Within 30 days, on August 12, 1998, “Houston Industries, Inc .... the successor to NorAm Energy Corp.” filed an action against the Administrator of the Commission for a refund of the assessment paid under protest.
pOn September 25, 1998, a supplemental and amending petition was filed to add as a petitioner “NorAm Energy Corp.” This supplemental and amending petition states that it was “necessitated by a misunderstanding of the complex series of transac *976 tions that ultimately resulted in the acquisition of NorAm Energy Corp. by Houston Industries, Incorporated ...”[2]
On October 13, 1998, the Administrator filed peremptory and dilatory exceptions asserting, among other things, that Houston Industries had no right or cause of action to secure the refund of the taxes which it paid under protest because No-rAm was the only entity with such a cause of action; and, that NorAm did not become a party until after the 30-day time allowed for filing suit had passed.
After a hearing, the trial court granted the exceptions and dismissed the action, finding that § 11.01 is peremptive rather than prescriptive and the amending petition was untimely as it was not filed within the 30 day period set forth in § 11.01. It is from this judgment that plaintiffs have appealed.
laDiscussion
Plaintiffs assert that the amending petition adding NorAm as a party plaintiff relates back to the filing of the original petition by Houston Industries. Defendant urges that NorAm’s claims were extinguished by peremption before their amending petition was filed and therefore, they cannot be revived under a relation back theory.
Where an ordinance or statute creates a right of action and fixes the time in which to commence the action, the time so fixed is an integral part of the right created and is peremptive or substantive, as opposed to prescriptive or procedural. Upon expiration of the peremptive period, the right is extinguished. C.C. art. 3458; Guillory v. Avoyelles Ry. Co., 104 La. 11, 28 So. 899 (1900).
We do not, however, have to address whether the time limitation set forth in § 11.01 is peremptive or prescriptive or if Houston Industries lacked standing to pursue a refund of the taxes.
Contrary to defendant’s assertions, as noted by this court in Monroe Medical Clinic, Inc., v. Hospital Corporation of America, 622 So.2d 760 (La.App. 2d Cir.1993), the relation back theory is applicable to claims governed by a peremptive rather than a prescriptive period. See Giroir, supra; Russland Enterprises, Inc., supra; Southside Civic Association, Inc. v. Warrington, 93-0890 (La.App. 1st Cir.04/08/94), 635 So.2d 721, writ denied, 94-1219 (La.07/01/94), 639 So.2d 1168; Thibaut v. Thibaut, 607 So.2d 587 (La.App. 1st Cir.1992), writs denied, 612 So.2d 37, 101 (La.1993); Spencer-Wallington, Inc., supra; Meadoux v. Hall, 369 So.2d 240 (La.App. 4th Cir.1979), writ denied, 369 So.2d 1366 (La.1979).
New plaintiffs and defendants may be added by amended pleadings if the applica *977 ble criteria are met. In re Gaines v. Bruscato, 30,340 (La.App.2d Cir.04/08/98), 712 So.2d 552, writ denied, 98-1272 (La.06/26/98), 719 So.2d 1059; Giroir v. South Louisiana Medical Center, 475 So.2d 1040 (La.1985); Ray v. Alexandria Mall, 434 So.2d 1083 (La.1983).
An amendment adding or substituting a party relates back to a timely filed petition if: (1) the amended claim arises out of the same conduct, transaction or occurrence set forth in the original petition; (2) the defendant either knew or should have known of the existence and involvement of the new plaintiff; (3) the new and old plaintiffs are sufficiently related so that the added or substituted party is not wholly new or unrelated; and (4) the defendant will not be prejudiced in preparing and conducting his defense. La. C.C.P. art. 1153; Giroir, supra; Thomas v. Connolly, 31,447 (La.App.2d Cir.01/20/99), 726 So.2d 1052.
The doctrine of relation back of amending pleadings should be liberally applied, particularly in the absence of prejudice. Giron v. Housing Authority of Opelousas, 393 So.2d 1267 (La.1981); Gaines, supra; Spencer-Wallington, Inc. v. Service Merchandise, Inc., 562 So.2d 1060 (La.App. 1st Cir.1990), writ denied, 567 So.2d 109 (La.1990). Furthermore, La. C.C.P. art. 1153 permits amendment despite technical prescriptive bars where the original pleading gives fair notice of the general fact situation out of which the amended claim arises. Gunter v. Plauche, 439 So.2d 437 (La.1983); Gaines, supra; Russland Enterprises, Inc. v. City of Gretna, 98-676 (La.App. 5th Cir.01/26/99), 727 So.2d 1223. Where there is some factual connexity between the original and amended assertions, together with some identity of interest between the original and the additional or supplemental party, amendment should be allowed. Baker v. Payne and Keller of Louisiana, Inc., 390 So.2d 1272 (La.1980); Russland Enterprises, Inc., supra.
Applying the four-part test set forth in Giroir, supra, we find the following:
(1) NorAm’s claim clearly arises out of the same conduct, transaction or occurrence as set forth in the original petition. The cause of action herein is a dispute as to whether certain transactions are subject to sales or use taxes imposed by the Ordinances. The amounts in dispute were paid under protest by Houston Industries on behalf of NorAm and suit for recovery thereof was timely instituted |Rby Houston Industries (albeit erroneously as NorAm’s successor) following notification to defendant of plaintiffs intent to do so;
(2) It is undisputed that defendant had notice of the involvement of both plaintiffs. First, NorAm is the entity which was audited and assessed with taxes by the Administrator. Secondly, as reflected by a receipt issued and a note written by the Administrator (Exhibit P-1), defendant was fully apprised of Houston Industries’ existence and involvement in the matter;
(3) The new plaintiff, NorAm, is a wholly owned subsidiary of the original plaintiff, Houston Industries. The original plaintiff, Houston Industries, is No-rAm’s parent company and owner of 100% of its stock. Additionally, as set forth above, Houston Industries paid the taxes under protest on behalf of NorAm, and instituted the instant action for return of the amounts paid under protest (albeit erroneously as successor) to No-rAm;
(4) It cannot be seriously argued that defendant is prejudiced in preparing or conducting its defense inasmuch as at this point, no answer has even been filed. The funds paid under protest are in escrow pending resolution of this litigation and will simply either be refunded to plaintiffs or released to the City and School Board once the matter is resolved.
*978 In light of the foregoing, we find that the trial court erred in dismissing plaintiffs’ action. Because Houston Industries’ original petition was filed within 30 days as required by § 11.01, it is clear as a matter of law that any subsequent amendment meeting the criteria set forth in La. C.C.P. art. 1153 and Giroir, supra, relates back. Accordingly, the trial court erred in not allowing NorAm’s amended petition to relate back to the date of filing of the original petition, regardless of whether the time period set forth in § 11.01 is one of peremption or prescription.

Conclusion

For the reasons set forth above, the judgment of the trial court is REVERSED and the matter is REMANDED for further proceedings consistent with this opinion.

. Section 11.01 provides in pertinent part:
A right of action is hereby created to afford a remedy at law for any dealer aggrieved by the provisions of this ordinance, and in case of any such dealer resisting the payment of any amount found due, or the enforcement of any provisions of law in relation thereto, such dealer shall pay the amount found due by the Administrator and shall give the Administrator notice, at the time, of his intention to file suit for the recovery of the same; and upon receipt of such notice the amount so paid shall be segregated and held by the Administrator for a period of thirty (30) days, and if suit be filed within such time for recovery of such amount, such funds so segregated shall be further held, pending the outcome of such suit....

. Pursuant to a plan of acquisition of NorAm Energy Corporation by Houston Industries, on August 6, 1997, Houston Industries, Inc. was merged with and into Houston Lighting and Power Company, with Houston Lighting and Power being the surviving entity. Thereafter, Houston Lighting and Power changed its name to Houston Industries, Incorporated.
NorAm Energy Corp., the company which had conducted business in Shreveport, Louisiana, for years as NorAm (or its predecessor, Arkla, Inc., or Arkla’s predecessor, Arkansas Louisiana Gas Company) (hereinafter referred to as "Old NorAm”), was merged with and into Houston Industries Merger, Incorporated, a wholly owned subsidiary of Houston Industries, Inc., created prior to the Old No-rAm acquisition for the purpose of facilitating the purchase. After the merger of Old No-rAm with and into Houston Industries Merger, Inc., the name of the surviving entity, Houston Industries Merger, Inc., was changed to NorAm Energy Corp. ("New No-rAm”). The business of Old NorAm as it had been conducted in Shreveport prior to the acquisition was not continued by Houston Industries, Inc., but by New NorAm, the wholly owned subsidiary formed by Houston Industries, Inc., prior to the acquisition.
After the instant proceedings were instituted, Houston Industries, Inc., changed its name to Reliant Energy, Incorporated, and New NorAm's name was changed to Reliant Energy Resources Corporation. However, for the sake of simplicity and ease of association, all references hereinafter will be to corporate entities as they existed as of the date of the institution of this action.