942 So.2d 578 (2006)
Cynthia Minor JEANMARIE
v.
Neirsean BUTLER.
No. 2005-CA-1439.
Court of Appeal of Louisiana, Fourth Circuit.
October 11, 2006.
Rehearing Denied November 15, 2006.
Mark Moreau, New Orleans Legal Assistance, New Orleans, Louisiana, for Plaintiff/Appellant.
Martha J. Maher, Cynthia A. De Luca, A.P.L.C., Metairie, Louisiana, for Defendant/Appellee.
(Court composed of Chief Judge JOAN BERNARD ARMSTRONG, Judge JAMES F. McKAY III, Judge LEON A. CANNIZZARO, Jr.)
McKAY, Judge.
In this filiation action, the plaintiff, Cynthia Minor Jeanmarie, appeals the trial court's maintaining of the defendant's, Nirsean Butler's, exception of prescription. We affirm.
FACTS AND PROCEDURAL HISTORY
Ms. Jeanmarie claims to be the illegitimate daughter of George Butler. Ms. Jeanmarie was born on November 7, 1955 and Mr. Butler died on January 7, 2005. On February 18, 2005, Ms. Jeanmarie filed a petition to establish filiation as well as a restraining order and rule to show cause why a paternity test should not be done. Niersean Butler, George Butler's widow, filed an exception of prescription pursuant to La. C.C. art 209(c), which at the time provided that a filiation action "must be brought within one year of the death of the alleged parent or within nineteen years of the child's birth, whichever first occurs."[1]
*579 At the hearing on the exception, Ms. Jeanmarie argued that her action had not prescribed and that Article 209 was unconstitutional. However, Ms. Jeanmarie never amended her pleadings to include the constitutionality issue nor was the Attorney General noticed for the hearing on the exception. On May 6, 2005, the trial court granted the defendant's exception and dismissed the plaintiff's petition with prejudice. The trial court also granted the plaintiff's request for a preliminary injunction to Memorial Medical Center, ordering it not to destroy George Butler's tissue sample pending her appeal. Ms. Jeanmarie now appeals the maintaining of the defendant's exception of prescription.
DISCUSSION
In her assignment of errors, the plaintiff raises the following issues for review: 1) whether this case should be remanded to allow the parties to specially plead the unconstitutionality of Civil Code art. 209 and Civil Code art. 197; 2) whether Civil Code art. 209 is unconstitutional; and 3) whether Civil Code art. 197, adopted by Act 192 of 2005, governs the time limitations for filiation actions that were pending on the effective date of Act 192.
When the unconstitutionality of a statute is specifically pled, the claim must be raised in a petition, exception, motion, or answer. The unconstitutionality of a statute cannot be raised in a memorandum, opposition, or brief as those documents do not constitute pleadings. Reeder v. North, 97-239 (La.10/21/97), 701 So.2d 1291. Furthermore, constitutional challenges must be specifically pleaded and the grounds for the claim particularized. Unwired Telecom Corp. v. Parish of Calcasieu, 03-0732 (La.1/19/05), 903 So.2d 392. Therefore, the plaintiff in the instant case, by failing to amend her pleadings, has lost the ability to challenge the constitutionality of these articles.[2]
The issue of whether Civil Code art. 197 governs the time limitations for filiation actions pending on the effective date of Act 192 has already been addressed by the Third Circuit in Succession of McKay, 05-0603 (La.App. 3 Cir. 2/1/06), 921 So.2d 1219. The Succession of McKay was decided under La. C.C. art. 209(c); while the appeal was pending the legislature passed Act 192 and enacted La. C.C. art. 197. The Third Circuit found the new law could not be applied retroactively. Id. The Third Circuit also found that there was no clear legislative intent for retroactivity and revival of claims. Id. We agree.

DECREE
For the foregoing reasons, we affirm the trial court's judgment.
AFFIRMED.
NOTES
[1] After the trial court's judgment was rendered, the legislature adopted Act 192 of 2005 which repealed La. C.C. art. 209 and enacted La. C.C. art. 197, which provides that the time for filiation actions is one year after the alleged parent's death.
[2] In the Succession of Grice, 462 So.2d 131 (La.1985), the Louisiana Supreme Court performed an extensive analysis of several U.S. Supreme Court cases before upholding the constitutionality of La. C.C. art. 209(c).