LOLLEY, J.
hln this matter to establish filiation, Joel H. Thomas appeals the judgment by the First Judicial District Court, Parish of Caddo, State of Louisiana, which sustained the exceptions of prescription and no right of action filed by Joel H. Roberts, Jr. For the following reasons, we affirm the trial court’s judgment.
Facts
Joel Thomas was born on April 22,1968, to Shirley Ann Hobbs. In a petition to establish filiation filed on July 28, 2011, when Thomas was 43 years old, he claimed to be the child of Joel H. Roberts, Jr., who is still living. Thomas alleged that Roberts informally acknowledged Thomas as his child by: treating Thomas as his own child; acknowledging Thomas as his child; having regular weekend visits with Thomas; and, purchasing gifts and automobiles for Thomas. In the petition, Thomas sought DNA testing and expert analysis of the results to prove that he was Roberts’s child and a declaration that Roberts was his father.
In response, Roberts filed exceptions of prescription and no right of action. His exceptions hinged on the fact that Thomas was over the age of 19 when he filed his petition for filiation, and pursuant to former La. C.C. art. 209, his claim was prescribed. Thomas opposed the exceptions, arguing that art. 209 was repealed and replaced by La. C.C. art. 197 on June 29, 2005. He conceded that art. 209 provided the prescriptive period noted by Roberts; however, he contended that currently art. 197 provides for no prescriptive period for a filiation claim, except for those associated with a succession, and his claim was revived when the new article was enacted. IsAfter a hearing on Roberts’s exceptions, the trial court sustained both, judgment was entered in favor of Roberts, and this appeal by Thomas ensued.
Discussion
On appeal, Thomas argues that the trial court erred in sustaining Roberts’s exceptions of prescription and no right of action. Regarding the prescription issue, Thomas maintains that La. C.C. art. 197 has been the statute concerning prescription for filiation actions since being enacted in 2005, and it provides for no prescriptive period for filiation actions brought by a child, except in the case of a filiation action associated with a succession. Thomas further argues that generally, prescription statutes are accorded retroactive application, and art. 197 would serve to revive his action. As to his right of action against Roberts, Thomas argues that he does belong to the class of individuals to which the law grants the action advanced.
Formerly, La. C.C. art. 209 provided, in pertinent part, as follows:
B. A child not entitled to legitimate filiation nor filiated by the initiative of the parent by legitimation or by acknowledgment under Article 203 must prove filiation as to an alleged deceased parent by clear and convincing evidence in a civil proceeding instituted by the *559 child or on his behalf within the time limit provided in this article.
C. The proceeding required by this article must be brought within one year of the death of the alleged parent or within nineteen years of the child’s birth, whichever first occurs. This time limitation shall run against all persons, including minors and interdicts. If the proceeding is not timely instituted, the child may not thereafter establish his filiation, except for the sole purpose of establishing the right to recover damages under Article 2315. A proceeding for that purpose may be brought within one year of the death of the alleged parent and may be cumulated with the action to recover damages.
| aArticle 209 was subsequently replaced when Acts 2005, No. 192, § 1, was passed and made effective on June 29, 2005, as La. C.C. art. 197. That article provides:
A child may institute an action to prove paternity even though he is presumed to be the child of another man. If the action is instituted after the death of the alleged father, a child shall prove paternity by clear and convincing evidence. For purposes of succession only, this action is subject to a peremptive period of one year. This peremptive period commences to run from the day of the death of the alleged father.
Consequently, except in cases of successions, this article eliminated the prescriptive period for filiation claims.
The First Circuit has specifically considered former art. 209 and determined that it was peremptive, and we agree. See In re Succession of James, 2007-2509 (La.App. 1st Cir.08/21/08), 994 So.2d 120, 122, writ denied, 2008-2302 (La.12/12/08), 996 So.2d 1119; Matheme v. Broussard, 2006-0838 (La.App. 1st Cir.02/14/07), 959 So.2d 975, 980.
Peremption is a period of time fixed by law for the existence of a right, and unless timely exercised, the right is extinguished upon the expiration of the peremptive period. La. C.C. art. 3458; Borel v. Young, 2007-0419 (La.11/27/07), 989 So.2d 42. Where an ordinance or statute creates a right of action and fixes the time in which to commence the action, the time so fixed is an integral part of the right created and is peremptive or substantive, as opposed to prescriptive or procedural. Upon expiration of the peremp-tive period, the right is extinguished. Houston Industries, Inc. v. Fitch, 32,654 (La.App. 2d Cir.02/01/00), 752 So.2d 974, writ denied, 2000-0643 (La.04/20/00), 760 So.2d 351.
Once a statute of limitations has run, the party relying on the statute has a vested property right in the statute of limitations defense, and changes to or repeal of the period of limitations cannot be applied retroactively to extinguish that right. Chance v. American Honda Motor Co., Inc., 93-2582 (La.04/11/94), 635 So.2d 177. The same can be said of peremption; once peremption has extinguished a cause of action, the defendant has a vested right to invoke the peremptive period, even after that period has been abolished by the legislature. As stated by the Louisiana Supreme Court in Chance, supra at 178:
Although prescriptive statutes are generally procedural in nature, the revival of an already prescribed claim presents additional concerns. For while the defendant does not acquire anything during the running of the prescriptive period, once the time period has elapsed, the legislature grants the defendant the right to plead the exception of prescription in order to defeat the plaintiffs claim. Because the defendant acquires the right to plead the exception of prescription, a change in that right *560 constitutes a substantive change in the law as applied to the defendant. Thus, were we to interpret the amendment at issue to allow the revival of prescribed causes of action, the substantive rights of the defendant would be materially changed because he would be stripped of this acquired defense. Guided by the principles established in [La. C.C.] article 6 [providing the framework from which statutes are to be interpreted], we require, at the very least, a clear and unequivocal expression of intent by the legislature for such an “extreme exercise of legislative power.” (Citations omitted; emphasis added.)
Here, Thomas turned 19 years old on April 22, 1987, and, as of that date, he had not filed a filiation claim. The next day, pursuant to La. C.C. art. 209 which was in effect at the time, Thomas’s claim was perempted. ^Consequently, his claim against Roberts was extinguished and ceased to exist. Louisiana C.C. art. 197, which was effective in 2005, cannot serve to revive an extinguished and nonexistent claim that Thomas attempted to assert on July 28, 2011-24 years after it was per-empted. Such a retroactive application would deprive Roberts of a right to plead prescription or peremption.
Furthermore, contrary to Thomas’s argument, there is no “clear and unequivocal expression of intent” by the Louisiana Legislature that art. 197 was to be given retroactive application to allow the revival of claims such as his. Thomas argues that the Revision Comments to art. 197 clearly state that the article is a change in the law and that the effects of former La. C.C. art. 209 provided a “harsh result not justified by any policy consideration.” Thomas’s observations regarding the Revisions Comments are correctly noted, and those assertions might be true. However, the mere fact that art. 197 changed the law which provided a “harsh result” hardly serves as “a clear and unequivocal expression of intent” that the new article was to be given retroactive application. Thus, in the absence of clear intent to provide retroactive application of the new law, former art. 209 controlled and Thomas’s claim was prescribed in 1987. See In re Succession of James, supra; Succession of Faget, 2005-1434, 2005-1435 (La.App. 1st Cir.06/09/06), 938 So.2d 1003, writ denied, 2006-1719 (La.11/09/06), 941 So.2d 40; In re Succession of McKay, 2005-0603 (La. App. 3rd Cir.02/01/06), 921 So.2d 1219, writ denied, 2006-0631 (La.6/2/06), 929 So.2d 1253; Jeanmarie v. Butler, 2005-1439 (La.App. 4th Cir.10/11/06), 942 So.2d 578. Accordingly, because Thomas’s claims had prescribed and were | fiperempted, he had no right of action against Roberts. Thus, the trial court properly sustained Roberts’s exceptions of prescription and no right of action.
Conclusion
For the foregoing reasons, the judgment in favor of Joel H. Roberts, Jr., granting his exceptions of prescription and no right of action are affirmed. All costs of this proceeding are to be assessed to Joel H. Thomas.
AFFIRMED.