WILLIAMS, J.
Ijn this action against defendant to compel the return of succession property, plaintiff, Henry L. Himes, appeals a district court’s sustention of exceptions of no right of action and prescription/peremption filed by defendant, Susan Speed. For the following reasons, we reverse and remand for further proceedings.
FACTS
Plaintiff, Henry L. Himes, was born on October 31, 1941, to Sallie Himes; no father was named on his birth certificate. On June 21,1950, the decedent, Thomas A. Harrison, signed an affidavit which stated:
STATE OF LOUISIANA PARISH OF CADDO
Before, me, the undersigned authority, personally came and appeared Thomas A. Harrison, who upon oath deposes and says: That he is the father of the minor child Henry Lavelle Himes, whose mother is Sallie Himes, residing at 916 Palestine Street, Shreveport, Louisiana, which said child was born on the 31st day of October, 1941 and I have supported said child since its birth.
The document was notarized by C.H. Mes-ser; however, it was not signed by two witnesses.
On January 1, 2011, the decedent died intestate. At the time of the decedent’s death, Himes was 69 years old. On April 11, 2011, Himes filed a petition for possession, alleging, inter alia, “[The decedent] had one (1) child born out of wedlock, namely Henry Himes, petitioner herein.” The petition also alleged that the estate was “relatively free from debt,” administration was unnecessary and Himes “desire[d] to accept this succession purely, simply and unconditionally.”
ls>On April 26, 2011, the district court signed an ex parte judgment of possession, declaring Himes to be “the sole heir of the decedent” and as such, the sole owner of the decedent’s property, including two parcels of immovable property and two vehicles. The judgment also provided:
IT IS FURTHER ADJUDGED AND DECREED that all banks, trust companies, and other persons, partnerships, corporations or depositories, having on deposit or in their possession or under their control any monies, credits, stocks, dividends, bonds or other things of value, depending upon or belonging to the succession of the [decedent] are hereby required to deliver them unto HENRY HIMES.
Himes was placed in possession of the decedent’s estate.
Subsequently, Himes discovered that prior to the decedent’s death, defendant, Susan Speed (the decedent’s great niece), had removed approximately $85,000 from the decedent’s Capital One Bank account. He further discovered that Speed had also taken possession of other items owned by *683 the decedent, including a cash box (which contained an unspecified amount of cash, documents and an antique handgun), funds which had been issued to the decedent by the Veterans Administration, a battery-powered wheelchair, a riding lawnmower and the two automobiles described in the judgment of possession (a 1996 Chevrolet Lumina and a 1998 Ford LTD).
On June 21, 2011, Himes filed a “Motion to Compel Turnover of Succession Property,” alleging that he was the sole surviving heir of the decedent. Himes requested a temporary restraining order to enjoin Speed, Capital One Bank, and all financial institutions with accounts in Speed’s name, from “dispensing funds or removing funds from any account without |3further order from th[e] court.” A hearing was conducted on July 6, 2011, during which counsel for Speed argued that the decedent donated the $85,000 to Speed approximately one year before he died.
The following day, the court issued an interim order, directing Speed to immediately deposit a cashier’s check in the amount of $85,000 into the registry of the court. The court also ordered Speed to turn over to Himes specific items in her possession, including the cash box and its contents, the riding lawnmower and the 1996 Chevrolet Lumina.[1]
On January 5, 2012, Speed filed peremptory exceptions of no right of action and prescription/peremption, arguing that Himes was born out of wedlock and the decedent never formally acknowledged him, by authentic act, as his son. Consequently, according to Speed, Himes was required by law to prove filiation. Additionally, she argued that Himes failed to prove filiation within one year of the decedent’s death; therefore, his claims were barred by prescription/peremption.
Following a hearing, the district court sustained the • exceptions of no right of action and prescription. Himes now appeals.
DISCUSSION
Himes contends the district court erred in sustaining Speed’s exceptions. He argues that he presented clear and convincing evidence that the decedent informally acknowledged him as his son prior to his death.
Only a person having a real and actual interest to assert may bring an action. LSA-C.C.P. art. 681; Wagoner v. Chevron USA Inc., 45,507 (La.App.2d Cir.8/18/10), 55 So.3d 12, writ denied, 2010-2773 (La.3/2/12), 83 So.3d 1032; Skannal v. Bamburg, 44,820 (La.App.2d Cir.1/27/10), 33 So.3d 227, writ denied, 2010-0707 (La.5/28/10), 36 So.3d 254. An exception of no right of action is a peremptory exception, the function of which is “to have the plaintiff’s action declared legally nonexistent, or barred by effect of law, and hence this exception tends to dismiss or defeat the action.” LSA-C.C.P. art. 923; Wagoner, supra.
When the facts alleged in the petition provide a remedy under the law to someone, but the plaintiff who seeks the relief is not the person in whose favor the law extends the remedy, the proper objection is no right of action, or want of interest in the plaintiff to institute the suit. Harry T. Lemmon & Frank L. Maraist, 1 Louisiana Civil Law Treatise, Civil Procedure § 6.7, 121 (West 1999). The objection is urged through the peremptory exception of no right of action raised by the defendant or noticed by the court on its own motion, in either the trial or appellate court. Id.; LSA-C.C.P. arts. 927 and 2163.
*684 If the pleadings fail to disclose a right of action, the claim may be dismissed without evidence, but the plaintiff should be permitted to amend to state a right of action if he or she can do so. Gisclair v. Louisiana Tax Com’n, 2010-0563 (La.9/24/10), 44 So.3d 272, citing Howard v. Administrators of Tulane Educational Fund, 2007-2224 (La.7/1/08), 986 So.2d 47; Lemmon & Maraist, supra.. If the pleadings state a right of action in the plaintiff, the exceptor may introduce evidence to controvert the pleadings on the trial of the exception, and the plaintiff may introduce |fievidence to controvert any objections. Gisclair, supra; Lemmon & Maraist, supra.
The burden of proof of establishing the exception of no right of action is on the exceptor. City of New Orleans v. Board of Directors of Louisiana State Museum, 98-1170 (La.3/2/99), 739 So.2d 748; Wagoner, supra. The exception presents a question of law, requiring a de novo review by appellate courts. Wagoner, supra; Skannal, supra.
A man may, by authentic act or by signing the birth certificate, acknowledge a child not filiated to another man. The acknowledgment creates a presumption that the man who acknowledges the child is the father. LSA-C.C. art. 196. An authentic act is a writing executed before a notary public or other officer authorized to perform that function, in the presence of two witnesses, and signed by each party who executed it, by each witness, and by each notary public before whom it was executed. LSA-C.C. art. 1833(A).
LSA-C.C. art. 197 provides:
A child may institute an action to prove paternity even though he is presumed to be the child of another man. If the action is instituted after the death of the alleged father, a child shall prove paternity by clear and convincing evidence. For purposes of succession only, this action is subject to a peremptive period of one year. This peremptive period commences to run from the day of the death of the alleged father.
 Peremption is a period of time fixed by law for the existence of a right, and unless timely exercised, the right is extinguished upon the |fiexpiration of the peremptive period. LSA-C.C. art. 3458; Borel v. Young, 2007-0419 (La.11/27/07), 989 So.2d 42; Thomas v. Roberts, 47,411 (La.App.2d Cir.9/26/12), 106 So.3d 557. Where a statute creates a right of action and fixes the time in which to commence the action, the time so fixed is an integral part of the right created and is peremptive or substantive, as opposed to prescriptive or procedural. Upon expiration of the peremptive period, the right is extinguished. Thomas v. Roberts, supra; Houston Industries, Inc. v. Fitch, 32,654 (La.App.2d Cir.2/1/00), 752 So.2d 974, writ denied, 2000-0643 (La.4/20/00), 760 So.2d 351.
From 1980 until 2005, Louisiana law permitted the “informal acknowledgment” of an illegitimate child. For example, former LSA-C.C. art. 209 provided that proof of “paternal descent” could be made “[b]y all kinds of private writings, in which the father may have acknowledged the ‘bastard’ as his child, or may have called him so;” or “[w]hen the father, either in public or in private, has acknowledged him as his child, or has called him so in conversation, or has caused him to be educated as such[.]”
However, the passage of Acts 2005, No. 192, resulted in the enactment of the current LSA-C.C. art. 197, which became effective on June 29, 2005, and replaced former LSA-C.C. art. 209. Thus, pursuant to the law as it exists today (and at the *685 time of the decedent’s death), there are two ways for a child born outside of marriage to prove the existence of a parent-child relationship: (1) formal acknowledgment by the father, either by authentic act or by signing the child’s birth certificate; and (2) the institution of a legal proceeding to prove filiation. See LSA-C.C. arts. 196 and 197. [7During the proceedings to prove filiation, the child is permitted to introduce evidence, such as blood tests and evidence of informal acknowledgment.[2]
In the instant case, Himes did not file any pleadings specifically captioned as a petition to establish filiation. As stated above, the decedent died on January 1, 2011; Himes filed the judgment of possession on April 11, 2011, alleging that he was the “surviving sole heir of the decedent, Thomas A. Harrison”; he was judicially declared to be the decedent’s sole heir and was placed in possession of the decedent’s property on April 26, 2011.
Subsequently, Himes instituted proceedings to compel the turnover of succession property, during which he introduced multiple documents into evidence to prove that he was informally acknowledged by the decedent. The evidence included the above referenced affidavit, in which the decedent attested that he was Himes’ father. Himes also introduced other documents, including correspondence from the Social Security Administration and the Department of Veterans Affairs, which established that Himes received a portion of the decedent’s disability benefits. Additionally, the documents from the Department of Veterans Affairs show that the decedent listed Himes as the beneficiary of his disability benefits and that Himes, in fact, received those benefits dating from 1950 until he graduated from high ^school in 1960.
As stated above, on June 21, 2011, Himes filed a motion to compel turnover of succession property, alleging that he was the decedent’s sole heir. During these proceedings, Himes introduced evidence to establish filiation. Although the exceptions were filed January 5, 2012, days after the peremptive period for proving filiation had expired, the proceedings were initiated when Himes filed the motion to compel— June 21, 2011.
Thus, within a year of his father’s death, Himes filed a civil demand by filing the motion to compel, which initiated the proof of filiation. It is well settled in Louisiana that courts look beyond the caption, style and form of pleadings to determine from the substance of the pleadings the nature of the proceeding. Smith v. Cajun Insulation, Inc., 392 So.2d 398 (La.1980); Murrell v. Murrell, 42,070 (La.App.2d Cir.4/25/07), 956 So.2d 697.
Accordingly, we find that Himes instituted a civil proceeding within one year of his father’s death, during which he presented clear and convincing evidence to establish filiation: Thus, under the facts of this case, we find that the district court erred in sustaining defendant’s exceptions of no right of action and prescription/peremption.
CONCLUSION
For the foregoing reasons, the district court’s judgment, sustaining the exceptions of no right of action and prescription/peremption, is reversed; we remand this matter to the district court for further *686 proceedings. Costs of this appeal are assessed to defendant, Susan Speed.
REVERSED; REMANDED FOR FURTHER PROCEEDINGS.
APPLICATION FOR REHEARING
Before WILLIAMS, CARAWAY, MOORE, LOLLEY and PITMAN, JJ.
Rehearing denied.

. Speed denied having possession of the Ford LTD.

. Comment (c) to LSA-C.C. art. 197 provides: Under this Article, all relevant evidence is admissible to prove paternity. Examples of such relevant evidence include blood tests, an informal acknowledgment, and the cohabitation of the mother and father at the time of conception. See former Civil Code Article 209, Comment (b) (rev. 1981).