50,876 (La.App. 2 Cir. 9/28/16)

**SUCCESSION OF Milton YOUNGER**

No. 50,876-CA

Court of Appeal of Louisiana, Second Circuit.

Judgment rendered September 28, 2016

Rehearing Denied 11/10/2016

THOMAS, SOILEAU, JACKSON BAKER & COLE, LLP, By: Steven E. Soileau Counsel for Appellant, Nakita Moore-Tellis

McMICHAEL, MEDLIN, D'ANNA, WEDGEWORTH, and LAFARGUE, LLC, By: W. Deryl Medlin Counsel for Appellees, Mitchell Younger, and Tewana Younger

Before BROWN, GARRETT, and STONE, JJ.

## BROWN, CHIEF JUDGE.

In this matter to establish filiation, Nakita Moore Tellis, the alleged illegitimate child of decedent, Milton Younger, appeals the judgment which sustained the exceptions of prescription and peremption. For the reasons set forth below, we reverse and remand.

### Facts

Milton Younger died intestate in Ruston, Louisiana, on February 5, 2015. He was survived by two children born of a prior marriage, Mitchell Younger and Tewana Younger, and an alleged daughter born out of wedlock, Nakita Moore Tellis. On March 31, 2015, Tellis judicially opened the succession of decedent, Milton Younger, by filing a petition for filiation and a petition to be appointed as administratrix of the estate. In her petition for filiation, Tellis stated that she was born on May 19, 1979. The trial court denied Tellis's request to be appointed administratrix pending resolution of the filiation determination.

Mitchell and Tewana Younger filed their answer, in which they submitted that they were the sole heirs of the decedent, Milton Younger, and that the decedent was not the father of Tellis. Additionally, the Younger siblings filed exceptions of prescription, peremption, and no right of action. They argued that at the time of Tellis's nineteenth birthday, La. C.C. art. 209 provided that any claim for filiation must be filed within one year of the date of death of the alleged parent or by the child's nineteenth birthday, whichever comes first. The Youngers argued that because Tellis did not file a claim for filiation by her nineteenth birthday, which was May 19, 1998, Louisiana's peremptive period at the time barred any such claims by her after that date. They further alleged that because Tellis's claims are time-barred,

she has no right of action to appear as an heir in the proceedings.

The trial court rendered judgment in favor of the Youngers, granting their exceptions of prescription and peremption and dismissing Tellis's petition for filiation.

Tellis has appealed from this adverse judgment.

### Discussion

Formerly, La. C.C. art. 209 provided, in pertinent part, as follows:

B. A child not entitled to legitimate filiation nor filiated by the initiative of the parent by legitimation or by acknowledgment under Article 203 must prove filiation as to an alleged deceased parent by clear and convincing evidence in a civil proceeding instituted by the child or on his behalf within the time limit provided in this Article.

C. The proceeding required by this Article must be brought within one year of the death of the alleged parent or within nineteen years of the child's birth, whichever first occurs. This time limitation shall run against all persons, including minors and interdicts. If the proceeding is not timely instituted, the child may not thereafter establish his filiation, except for the sole purpose of establishing the right to recover damages under Article 2315. A proceeding for that purpose may be brought within one year of the death of the alleged parent and may be cumulated with the action to recover damages.

Article 209 was subsequently replaced by La. C.C. art. 197 by Acts 2005, No. 192, § 1. Article 197, which became effective on June 29, 2005, provides:

A child may institute an action to prove paternity even though he is presumed to be the child of another man. If the action is instituted after the death of the

alleged father, a child shall prove paternity by clear and convincing evidence. *For purposes of succession only*, this action is subject to a peremptive period of one year. This peremptive period commences to run from the day of the death of the alleged father. (Emphasis added).

It is undisputed that Tellis, who turned 19 years old prior to the enactment of La. C.C. art. 197, did not file a claim for filiation within 19 years of her birth. Her alleged father's death in 2015 occurred after the effective date of La. C.C. art. 197. The issue thus before this Court is whether the trial court correctly concluded that Tellis's claim for filiation, filed within one year of her alleged father's death, is untimely. For the reasons set forth below, we find that the trial court erred.

Former La. C.C. art. 209 required a child not yet filiated to prove paternity within 19 years of birth or within one year of death of the alleged father, whichever came first. *Succession of Grice*, 462 So.2d 131 (La.1985), *appeal dismissed*, 473 U.S. 901, 105 S.Ct. 3517, 87 L.Ed.2d 646 (1985). Under former article 209, the period in which a child not yet filiated had to prove filiation was peremptive. *Id.* The legislature repealed former article 209 and enacted article 197, effective June 29, 2005, ending the requirement that a child not yet filiated had to prove filiation within 19 years of birth. The unambiguous language of article 197 provides that a child not yet filiated has one year from death of the alleged father to prove paternity. *In re Succession of Harrison*, 48,432 (La.App. 2 Cir. 11/8/13), 129 So.3d 681, *writ denied*, 14–0273 (La. 4/4/14), 135 So.3d 1185.

In the case at bar, when Tellis failed to file a claim for filiation within 19 years of her birth, article 197 was not yet in effect. Thus, in considering the applicability of article 197 to the instant case, we find it helpful to examine why the legislature re-

pealed former article 209 and enacted article 197 in its place.

The comments under article 197 provide:

(e) The time period for bringing the paternity action under this Article is limited to succession matters only. This is a change in the law. The time for instituting a paternity action for the purpose of exercising the right to support, to sue for wrongful death, or to claim Social Security benefits or the like, is not limited by this Article. Prior law required that a paternity action under former Civil Code Article 209 (rev. 1984) be instituted within nineteen years of the child's birth or within one year from the alleged parent's death, whichever first occurred. If the action was not timely instituted, the child could not thereafter establish his filiation for any purpose, except to recover damages under Civil Code Article 2315. That was a harsh result not justified by any policy consideration. For the particular purpose of succession, on the other hand, there is a time limit on instituting the action—to facilitate the orderly disposition of estates and the stability of land titles.

(f) The time period during which the paternity action must be instituted for succession purposes is longer than that of prior law. Under former Civil Code Article 209 (C) (rev. 1984), the action also had to be instituted within nineteen years of the child's birth. Under this Article the child, regardless of his age, has one year from his father's death to institute the action.

In *Succession of Harrison, supra*, the decedent died intestate on January 1, 2011. At that time, Harrison's alleged child, Henry Himes, was 69 years old, having been born in 1941. In April 2011, Himes filed a petition for possession. The trial court signed an ex parte judgment of pos-

session, declaring the child to be the "sole heir of the decedent." In June 2011, Himes, who had not filed a pleading specifically captioned as a petition to establish filiation, filed a "Motion to Compel Turnover of Succession Property" against decedent's great-niece. In response, the great-niece filed exceptions of no right of action and prescription/peremption, arguing that the child not yet filiated did not file a claim for paternity within one year of the decedent's death. The trial court granted the exceptions of ⌊5no right of action and prescription. This Court reversed, holding that because the child's petition for possession, filed within one year of the decedent's death, was a claim for filiation, the claim was not perempted. In discussing the effects of article 197, this Court noted that:

> However, the passage of Acts 2005, No. 192, resulted in the enactment of the current LSA–C.C. art. 197, which became effective on June 29, 2005, and replaced former LSA–C.C. art. 209. Thus, pursuant to the law as it exists today (and at the time of the decedent's death), there are two ways for a child born outside of marriage to prove the existence of a parent-child relationship: (1) formal acknowledgment by the father, either by authentic act or by signing the child's birth certificate; and (2) the institution of a legal proceeding to prove filiation. See LSA–C.C. arts. 196 and 197.

*Succession of Harrison, supra* at 685.

The Youngers claim that they acquired a vested right, the right to plead peremption, because Tellis failed to file a claim for filiation within 19 years of her birth, which

was when former article 209 was still in effect. According to the Youngers, La. C.C. art. 197 only applies to existing claims, not one like Tellis's claim, which has already perempted under former article 209.[1]

■  Once a party acquires the right to plead prescription, a statute cannot apply retroactively to revive a prescribed cause of action, absent clear language of the legislature as to the retroactive application of the statute.⌊6*Chance v. American Honda Motor Co., Inc.*, 93–2582 (La. 04/11/94), 635 So.2d 177.

Even though former article 209 has been repealed, some of its effects of former article 209 still remain in La. C.C. art. 197. Both articles provide that a child not yet filiated has two different options for filing a claim for filiation: against a living parent or against a dead parent. Moreover, Comment (d) to article 197 notes that the burden to prove filiation is also the same in both articles, with a higher burden of proof, "by clear and convincing evidence," if a child not yet filiated files a claim for filiation against a dead parent. Comment (d) notes that the policy requiring a higher burden of proof against a dead parent is as follows:

> After death of the alleged parent, whose knowledge concerning the fact or probability of his filiation to the child is superior, the [estate's] vulnerability to fraudulent claims is significantly increased. *Citing* Katherine Shaw Spaht, *Developments in the Law, 1981-1982-Persons*, 43 La. L. Rev. 535, 537 (1982).

In the instant case, Tellis judicially opened her alleged father's succession by

---

1. The Youngers argue that for the purposes of peremption, we applied former article 209 in *In re Succession of Herndon*, 45,146 (La.App. 2 Cir. 4/28/10), 36 So.3d 434, and *Thomas v. Roberts*, 47,411 (La.App. 2 Cir. 9/26/12), 106 So.3d 557.

In *Succession of Herndon, supra*, the decedent died well before the enactment of article

197 and plaintiffs did not file their petition until more than 30 years after decedent's death. In *Thomas, supra*, the child filed a petition to establish filiation in 2011 against his alleged father who was still living. Neither case is dispositive of the issue presented herein.

filing a claim for filiation. Succession occurs at the death of a person. La. C.C. art. 934; *see also* La. C.C.P. art. 2811. The Louisiana Supreme Court has long held that the Louisiana Civil Code is a general system of law promulgated by legislative authority, and effect must be given to all of its provisions as such. Its various articles form parts of a complete system and must be construed with reference to each other and harmonized with its general purpose. *Lowe v. Home Owners' Loan Corp.*, 199 La. 672, 6 So.2d 726 (1942). The second clause of article 197, upon which Tellis relies, begins with the phrase, "for purposes of succession only." This language is an unambiguous dictate by the legislature that puts the reader on ⌐notice that this specific clause only concerns the law of succession. Moreover, comment (e) to article 197 notes that the one year peremptive period remains in article 197 only "for the particular purpose of succession." Therefore, in considering the retroactivity of art. 197 in the context of a succession, we find La. C.C. art. 870 to be applicable.

Art. 870 provides as follows:

A. The ownership of things or property is acquired by succession either testate or intestate, by the effect of obligations, and by the operation of law.

B. *Testate and intestate succession rights,* including the right to claim as a forced heir, *are governed by the law in effect on the date of the decedent's death.* (Emphasis added)

Subsection (B) of art. 870 was amended by Acts 2001, No. 560, § 1, eff. June 22, 2001. This provision, clearly providing that succession rights are governed by the law in effect on the date of the decedent's death, was in effect when the legislature, in 2005, repealed former article 209 and enacted article 197. The legislature is presumed to know of all existing laws, which included art. 870, when it enacted article

197. *See State v. Johnson,* 03–2993 (La. 10/19/04), 884 So.2d 568; *Theriot v. Midland Risk Ins. Co.,* 95–2895 (La. 5/20/97), 694 So.2d 184.

Concerning the applicability and scope of article 870(B), the Editor's note recognizes that the legislature specifically declared in Acts 2001, No. 560, § 3 that:

[T]his Act is "interpretative, curative, and procedural in nature and shall apply both prospectively and retroactively; however, this Act shall not apply to successions which have been judicially opened prior to the enactment of this Act."

Clearly, the legislature did not repeal former article 209 and enact article 197 in its place in a vacuum, isolated and meant to be interpreted and applied ⌐independently from the rest of the Civil Code. Instead, the legislature enacted article 197 in light of the laws governing successions; this conclusion is further supported by the legislature's language choice of "for the particular purpose of succession only," contained in the second clause of article 197. The effect of this language is that the second clause of article 197, which provides that a child not yet filiated has one year from death of the decedent to prove paternity, is triggered when a claim for filiation is filed in the context of a succession.

In this case, Tellis's alleged father died in 2015, and Tellis filed a petition for filiation within one year of his death. At the time of the decedent's death, article 209 had been repealed and article 197 was in effect. The one-year peremptive period contained in the second clause of La. C.C. art. 197 only concerns only the laws of succession. As set forth in La. C.C. art. 870, intestate succession rights are governed by the law in effect at the time of decedent's death. Accordingly, we find that since Tellis filed her claim for filiation within one year of her alleged father's death, her claim is not perempted. *See also*

*Succession of Harrison, supra.* To the extent that article 197 revives a perempted claim, we find that the purpose of its enactment and the clear language of La. C.C. art. 197, which must be read in conjunction with La. C.C. art. 870, is an expression of the legislature as to the retroactive application of the statute in the specific context of a succession.

Additionally, we are mindful that the Youngers have cited jurisprudence from other circuits that support their argument.[2] However, our [9]review of the jurisprudence shows that no court has considered the retroactivity of La. C.C. art. 197 in light of and in conjunction with the law governing successions as required by La. C.C. art. 870.

Considering the aforementioned, because the Louisiana Legislature repealed former article 209 and enacted La. C.C. art. 197 based on equity and policy considerations, the second clause of article 197 allows a child not yet filiated who was born under the guise of the former repealed law to establish a claim for filiation within one year of the alleged father's death.

### Conclusion

The ruling of the trial court is reversed and remanded. Costs of this appeal are assessed against Mitchell Younger and Tewana Younger.

**REVERSED AND REMANDED.**

APPLICATION FOR REHEARING

Before BROWN, GARRETT, and STONE, JJ.

Rehearing denied.

50,869 (La.App. 2 Cir. 9/28/16)

**2.** *In re Succession of James*, 07-2509 (La.App. 1 Cir. 8/21/08), 994 So.2d 120; *In re Succession of Smith*, 09-969 (La.App. 3 Cir. 2/3/10), 29 So.3d 723, *writ denied*, -10-829 (La. 6/18/10), 38 So.3d 325; *Jeanmarie v. Butler*, 05-1439 (La. App. 4th Cir. 10/11/06), 942 So.2d 578; *In re Succession of Bailey*, 11-147 (La. App. 5th Cir. 11/29/11), 82 So.3d 322.