SUCCESSION OF LEON       *       NO. 2022-CA-0570
RICHARD WEST

                         *

                         COURT OF APPEAL

                         *

                         FOURTH CIRCUIT

                         *

                         STATE OF LOUISIANA

* * * * * * *

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2020-09992, DIVISION "L"
Honorable Kern A. Reese, Judge
* * * * * *
**Judge Roland L. Belsome**
* * * * * *

(Court composed of Judge Roland L. Belsome, Judge Sandra Cabrina Jenkins, Judge Paula A. Brown)

Robert Scott Buhrer
Lauren K. Marquette
BUHRER LAW FIRM
3017 21st Street
Suite 110
Metairie, Louisiana 70002

       COUNSEL FOR APPELLEE


Gordon J. Kuehl
Ellen C. Thomas
HOFFMAN NGUYEN & KUEHL, L.L.C.
541 Julia Street, Suite 200
New Orleans, Louisiana 70130

       COUNSEL FOR APPELLANT

**REVERSED AND REMANDED**

**January 13, 2023**

Robert DeRosa ("DeRosa") appeals the May 2, 2022 judgment of the trial court granting a peremptory exception of peremption in favor of the Independent Co-Administrators of the Succession of Leon West, Sherry Lee West, Louise Bailey West and Leona Rachard West ("the Wests"). For the reasons that follow, we reverse and remand.

**STATEMENT OF FACTS AND PROCEDURAL HISTORY**

Leon West died intestate on August 21, 2020. His three adult daughters opened succession proceedings on February 4, 2021, and were appointed Independent Co-Administrators. On July 27, 2021, DeRosa (the alleged biological son of Leon West, born on November 23, 1967) filed a petition to intervene, asserting his rights in the succession. DeRosa submits that he was never formally acknowledged by Leon West, but that he had an open relationship with his father from 2009 until Leon West's death in 2020.

In response to DeRosa's petition for intervention, the Wests filed exceptions of prescription, peremption, no right of action and prematurity asserting that

former La. C.C. art. 209 served to extinguish DeRosa's right to bring a paternity action. DeRosa opposed the exception of peremption, asserting that the 2005 enactment of La. C.C. art. 197 and the repeal of La. C.C. art. 209 permits him to assert his right to prove paternity in the succession proceedings. The exception of peremption was sustained by the trial court, and DeRosa's petition for intervention was dismissed with prejudice.[1] DeRosa's timely appeal followed.

**LAW AND ANALYSIS**

On appeal, DeRosa argues that the trial court erred by not applying the peremptive period in La. C.C. art. 197 retroactively. As explained further in the following analysis, we find merit in DeRosa's argument.

Prior to being repealed, former La. C.C. art. 209 provided in pertinent part:

> B. A child not entitled to legitimate filiation nor filiated by the initiative of the parent by legitimation or by acknowledgment under Article 203 must prove filiation as to an alleged deceased parent by clear and convincing evidence in a civil proceeding instituted by the child or on his behalf within the time limit provided in this article.

> C. The proceeding required by this Article must be brought within one year of the death of the alleged parent or within nineteen years of the child's birth, ***whichever first occurs***. This time limitation shall run against all persons, including minors and interdicts. If the proceeding is not timely instituted, the child may not thereafter establish his filiation, except for the sole purpose of establishing the right to recover damages under Article 2315. A proceeding for that purpose may be brought within one year of the death of the alleged parent and may be cumulated with the action to recover damages. (Emphasis added).

---

[1] The remaining exceptions of prescription, prematurity and no right of action were pretermitted.

In 2005, La. C.C. art. 209 was repealed and replaced with La. C.C. art. 197 (2005 La. Acts No. 192 § 1), which became effective on June 29, 2005. La. C.C. art. 197 states:

> A child may institute an action to prove paternity even though he is presumed to be the child of another man. If the action is instituted after the death of the alleged father, a child shall prove paternity by clear and convincing evidence.
>
> For purposes of succession only, this action is subject to a peremptive period of one year. This peremptive period commences to run from the day of the death of the alleged father.

Section 3 of Act No. 192 provides: "The provisions of this Act shall be applicable to all claims existing or actions pending on its effective date and all claims arising or actions filed on and after its effective date." Revision Comment (e) to La. C.C. art. 197 provides:

> The time period for bringing the paternity action under this Article is limited to succession matters only. This is a change in the law. Prior law required that a paternity action under former Civil Code Article 209 (rev. 1984) be instituted within nineteen years of the child's birth or within one year from the alleged parent's death, whichever first occurred. If the action was not timely instituted, the child could not thereafter establish his filiation for any purpose, except to recover damages under Civil Code Article 2315. That was a harsh result not justified by any policy consideration. For the particular purpose of succession, on the other hand, there is a time limit on instituting the action-to facilitate the orderly disposition of estates and the stability of land titles.

Revision Comment (f) further provides:

> The time period during which the paternity action must be instituted for succession purposes is longer than that of prior law. Under former Civil Code Article 209 (C) (rev. 1984), the action also had to be instituted within nineteen years of the child's birth. Under this Article the child, regardless of his age, has one year from his father's death to institute the action.

3

Following the enactment of La. C.C. art. 197 and the repeal of La. C.C. art. 209, the Louisiana appellate courts have been split on the issue of whether La. C.C. art. 197 applies retroactively. The First, Fourth, Fifth and certain panels of the Third Circuit Courts of Appeal have held that a filiation claim extinguished under former La. C.C. art. 209 cannot be revived under La. C.C. art. 197, as revival of such claims would deprive the succession heirs a vested right to plead the defense of peremption. Thus, certain courts determined that La. C.C. art. 197 would not be applied retroactively to revive claims that had already prescribed. *See*: *In re Succession of McKay*, 2005-1219 (La. App. 3 Cir. 2/1/06), 921 So.2d 1219; *In re Succession of Faget*, 2005-1434 (La. App. 1 Cir. 6/9/06), 938 So.2d 1003; *Jeanmarie v. Butler*, 2005-1439 (La. App. 4 Cir. 10/11/06), 942 So.2d 578; *In re Succession of James*, 2007-2509 (La. App. 1 Cir. 8/21/08), 994 So.2d 120; *In re Succession of Donald Clay Smith*, 2009-0969 (La. App. 3 Cir. 2/3/10), 29 So.3d 723; and *In re Succession of Bailey*, 2011-0147 (La. App. 5 Cir. 11/29/11), 82 So.3d 322.

Conversely, in *Succession of Younger*, 50,876, p. 3 (La. App. 2 Cir. 9/28/16), 206 So.3d 1088 and *Succession of Pelt*, 2017-860 (La. App. 3 Cir. 4/11/18), 244 So.3d 476, the Second Circuit and Third Circuit held that the legislature intended La. C.C. art. 197 to be applied retroactively.

Recently, in *Succession of Lewis*, 2022-00079 (La. 10/1/22), ___ So.3d ___, 2022 WL 12360366, the Louisiana Supreme Court recognized and specifically addressed the split in the circuits regarding the retroactive application of La. C.C. art. 197. In *Succession of Lewis*, Mr. Lewis died on August 28, 2020, leaving five adult children. Within a year of his death, the putative heir, Ms. Jefferson (born on August 15, 1966) filed a suit for filiation into the succession proceedings. Mr.

4

Lewis was listed as the father on Ms. Jefferson's birth certificate. However, he did not sign the birth certificate and did not formally acknowledge Ms. Jefferson. The succession representative filed a peremptory exception of peremption arguing that Ms. Jefferson's claim was extinguished under former La. C.C. art. 209 and could not be revived by the enactment of La. C.C. art. 197. The trial court denied the exception, and the appellate court denied review.

The Louisiana Supreme Court granted certiorari to determine:

(1) whether the new peremptive period established by the legislature in La. C.C. art. 197 applies retroactively to Ms. Jefferson's filiation/paternity claim; (2) if it applies retroactively, will such retroactive application deprive the heirs of a vested right, if any, to plead the defense of peremption, since Ms. Jefferson's filiation claim had previously been extinguished under former La. C.C. art. 209; (3) if it does not deprive the heirs of a vested right, La. C.C. art. 197 applies retroactively; and (4) if it does deprive the heirs of a vested right, does La. C.C. art. 197 include a "clear and unequivocal expression of intent by the legislature" to apply Article 197 retroactively.

*Succession of Lewis*, 2022-00079, pp. 1-2, ___ So.3d ___, 2022 WL 12360366 at *1 (footnote omitted).

The Court in *Succession of Lewis* agreed with the appellate courts' analyses in *Succession of Younger* and *Succession of Pelt* that the retroactivity of La. C.C. art. 197 must be considered in conjunction with the law governing successions, as required by La. C.C. art. 870. *Id*. at p. 14. Specifically, section (B) of La. C.C. art. 870, amended by Acts 2001, No. 560, §1, eff. June 22, 2001, provides that "[t]estate and intestate succession rights, including the right to claim as a forced heir, are governed by the law in effect on the date of the decedent's death."

Recognizing that section (B) of La. C.C. art. 870 was in effect in 2005, when the legislature repealed former La. C.C. art. 209 and enacted La. C.C. art. 197, the Second Circuit Court of Appeal in *Succession of Younger* concluded:

> Clearly, the legislature did not repeal former article 209 and enact article 197 in its place in a vacuum, isolated and meant to be interpreted and applied independently from the rest of the Civil Code. Instead, the legislature enacted article 197 in light of the laws governing successions; this conclusion is further supported by the legislature's language choice of "for the particular purpose of succession only," contained in the second clause of article 197. The effect of this language is that the second clause of article 197, which provides that a child not yet filiated has one year from death of the decedent to prove paternity, is triggered when a claim for filiation is filed in the context of a succession.

*Succession of Younger*, 50, 876, pp. 7-8, 206 So.3d at 1092.

In *Succession of Pelt*, 2017-0860, p. 13, 244 So.3d at 485-86, the Third Circuit Court of Appeal ruled in line with *Succession of Younger*, stating as follows:

> While we are mindful of the conflicting jurisprudence regarding the current issue, we find that of those courts that ruled La. Civ. Code art. 197 did not apply retroactively, none considered the article in light of and in conjunction with the law governing succession as required by La. Civ. Code art, 870. The Louisiana Legislature, under both former article 209 and current La. Civ. Code art. 197, set a separate time period for bringing filiation actions based upon succession proceedings. The language, "For purposes of succession only" shows clear intent that a succession proceeding is governed by its own rules, even in filiation actions. As such, we find that La. Civ. Code art. 197 cannot be read without La. Civ. Code art. 870(B)'s directive that "succession rights ... are governed by the law in effect on the date of the decedent's death." Therefore, all filiation actions raised pursuant to a succession proceeding brought after the legislature passed 2005 La. Acts No. 192, § 1, must be governed by the provisions of La. Civ. Code art. 197 per La. Civ. Code art. 870(B). Accordingly, we find that the second clause of La. Civ. Code art. 197 allows a child not yet filiated, who was born and turned nineteen while the repealed former article 209 was still in effect, to bring an action to be recognized as an heir in a succession proceeding within one year of the death of the alleged father.

6

In *Succession of Lewis*, the Louisiana Supreme Court adopted the holdings of *Succession of Younger* and *Succession of Pelt* and specifically abrogated *Succession of McKay*, *Succession of James*, *Succession of Donald Clay Smith*, *Jeanmarie v Butler*, *In re Succession of Faget*, and *In re Succession of Bailey*. Therein, the Court concluded:

> The legislature expressly established a new peremptive period for filiation claims filed in succession proceedings, and this peremptive period applies retroactively. The heirs have no vested right to plead peremption under former La. C.C. art. 209; thus, retroactive application of La. C.C. art. 197 does not divest the heirs of a right to plead the defense of peremption. As Ms. Jefferson timely filed her filiation claim in a succession proceeding pursuant to La. C.C. art. 197, the trial court's judgment denying the administrator's exception of peremption/prescription is affirmed.

*Succession of Lewis*, 2022-00079, p. 21, ___ So.3d ___, 2022 WL 12360366 at *13.

**CONCLUSION**

Considering the clear pronouncement of the Louisiana Supreme Court in *Succession of Lewis*, we find that DeRosa's petition for intervention to establish filiation was not preempted. Accordingly, the trial court's judgment sustaining the peremptory exception of peremption is hereby reversed, and the matter is remanded for further proceedings.

**REVERSED AND REMANDED**