Judgment rendered May 20, 2026.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 56,860-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

MELANIE CORINNE RITTER, ET AL      Plaintiffs-Appellants

versus

LINDA BROADWELL KIRBY RITTER      Defendant-Appellee

* * * * *

Appealed from the
Fifth Judicial District Court for the
Parish of Richland, Louisiana
Trial Court No. 49666-C

Honorable Stephen Gayle Dean, Judge

* * * * *

| | |
|---|---|
| LAW OFFICE OF ANTHONY J. BRUSCATO<br>By: Anthony J. Bruscato | Counsel for Plaintiffs-Appellants, Melanie Corinne Ritter and Deborah Louise Ritter |
| BENJAMIN F. MARSHALL, IV & ASSOCIATES<br>By: Benjamin F. Marshall, IV | Counsel for Defendant-Appellee |

* * * * *

Before PITMAN, HUNTER, AND MARCOTTE, JJ.

**MARCOTTE, J**

This civil appeal arises from the Fifth Judicial District Court, Parish of Richland, the Honorable Stephen G. Dean presiding.  Plaintiffs, Melanie Corinne Ritter ("Melanie") and Deborah Louise Ritter ("Deborah"), daughters of the decedent, and Thomas Clifton Ritter ("Mr. Ritter"), appeal the trial court's judgment granting an exception of no right of action filed by defendant, Linda Broadwell Kirby Ritter ("Linda"), the surviving spouse of the decedent.  For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

This matter arises out of a dispute over ownership interests in a 360-acre tract of land in Richland Parish, Louisiana (the "subject property").  Mr. Ritter conveyed his interest in the subject property to Linda via quitclaim deed dated August 9, 2016, and recorded in the Richland Parish conveyance records on October 2, 2018.

Mr. Ritter died on October 4, 2018, leaving a will in notarial form dated August 9, 2016, which named Linda as his sole legatee.  Specifically, Mr. Ritter's will provided that he bequeathed to his wife "all [his] property, both real and personal, of whatever kind or nature, and wherever situated to have and to hold in full and complete ownership."

Melanie and Deborah were not named in his will.  A succession was filed in Ouachita Parish in which Linda was recognized as the sole legatee of the decedent, and all the decedent's property, both separate and community, was conveyed to her by way of a judgment of possession signed January 6, 2019.

On April 26, 2024, Melanie and Deborah filed a petition asserting an ownership interest in the subject property.  The defendant responded by

asserting exceptions of vagueness, no cause of action, and prescription. On February 26, 2025, the trial court granted the exception of vagueness and permitted plaintiffs 15 days to file an amended petition clarifying their position.

On March 25, 2025, Melanie and Deborah filed an amended petition asserting that the quit claim deed was in fact a "donation in disguise" and ineffective because Linda was not identified and because it was not accepted during the lifetime of the decedent.

On April 7, 2025, Linda filed peremptory exceptions of no cause of action, no right of action, and prescription. She claimed that even if the quit claim deed was not in proper form, the subject property duly passed to her as the sole, universal legatee of the decedent's property. She also asserted that Melanie and Deborah had no interest to institute the suit because they were not listed as heirs in their late father's will and have no claim to the subject property. Linda additionally argued that if Melanie and Deborah are challenging the decedent's will, then they are time-barred from doing so because the will was probated more than five years previously, and they never intervened in the succession to challenge the will.

On August 25, 2025, the trial court entered a judgment denying defendants' exception of no cause of action but granting their exception of no right of action. The trial court took no action on the exception of prescription. In granting the exception of no right of action, the trial court ruled that because the judgment of possession clearly showed that defendants are not the legal heirs of the decedent and because their interest in the subject property has been determined to be non-existent, they have no right of action in the suit.

2

Melanie and Deborah now appeal.

## DISCUSSION

Melanie and Deborah argue that the trial court mistakenly granted Linda's exception of no right of action. They claim that the judgment of possession did not transfer any interest in the subject property to Linda. In support, they note that the judgment of possession states in general terms that Linda is sent into possession of all assets of Mr. Ritter. They further note that the document lists and describes specific items of real property, which are identified as assets of Mr. Ritter, but the subject property is not listed.

Melanie and Deborah also attack the validity of the quitclaim deed, asserting that it was not an effective transfer of property. They claim that while it is in the form of a quitclaim deed, "it is obviously a donation, and it is equally obvious that it does not contain any acceptance by the donee." Because of this alleged "donation in disguise" that was not accepted during the lifetime of the donor, Melanie and Deborah aver that the donation is a nullity.

Finally, Melanie and Deborah argue that they are successors by universal title, and they note that La. C.C. art. 935 says, "Immediately at the death of the decedent, universal successors acquire ownership of the estate and particular successors acquire ownership of the things bequeathed to them." Melanie and Deborah assert that, as universal successors, they are permitted to institute all actions that the decedent could have brought; therefore, they succeeded to their father's right to nullify the improper donation. Melanie and Deborah ask this court to reverse the trial court's decision granting the exception of no right of action.

3

Linda argues that the trial court was correct in granting her exception of no right of action. She asserts that even if the quitclaim deed is deemed as a failed donation, or simply invalid, the subject property would have remained in the name of Mr. Ritter and, upon his death, would have passed to Linda as the sole and universal legatee of his property. In support, Linda points to the Louisiana civilian doctrine of *seizin*, which mandates that upon a person's death, ownership of their estate is immediately transmitted to universal successors (heirs and legatees) by operation of law. Linda contends that Melanie and Deborah's argument that property not listed in a judgment of possession in a succession falls to the intestate heirs fails in this context, because here, Mr. Ritter's will names her as the sole universal legatee.

An appellate court reviews a trial court's ruling granting an exception of no right of action *de novo*. *Badeaux v. Sw. Computer Bureau, Inc.*, 05-0612 (La. 3/17/06), 929 So. 2d 1211; *Young v. Horseshoe Ent., Ltd. P'ship*, 55,749 (La. App. 2 Cir. 9/4/24), 399 So. 3d 768, *writ denied*, 24-01221 (La. 12/27/24), 397 So. 3d 1221. The exception presents a question of law, requiring a *de novo* review by appellate courts. La. C.C.P. art. 923; *In re Succession of Harrison*, 48,432 (La. App. 2 Cir. 11/8/13), 129 So. 3d 681, *writ denied*, 14-0273 (La. 4/4/14), 135 So. 3d 1185. The burden of proof of establishing the exception of no right of action is on the exceptor. La. C.C.P. art. 923; *Harrison, supra*.

Only a person having a real and actual interest to assert may bring an action. *See* La. C.C.P. art. 681 ("[e]xcept as otherwise provided by law, an action can be brought only by a person having a real and actual interest which he asserts"). A peremptory exception of no right of action is used to

4

show that a plaintiff has no legal right or interest in enforcing the matter asserted, based upon facts and evidence submitted. La. C.C.P. arts. 681 and 927; *Campbell v. Nexion Health at Claiborne, Inc.*, 49,150, (La. App. 2 Cir. 10/1/14), 149 So. 3d 436.

The exception of no right of action assumes that the petition states a valid cause of action and questions whether the plaintiff in the particular case has a legal interest in the subject matter of the litigation. *Louisiana Paddlewheels v. Louisiana Riverboat Gaming Comm'n*, 94-2015 (La. 11/30/94), 646 So. 2d 885. An exception of no right of action is a peremptory exception, the function of which is "to have the plaintiff's action declared legally nonexistent, or barred by effect of law, and hence this exception tends to dismiss or defeat the action." La. C.C.P. art. 923; *Succession of Mabray*, 56,102 (La. App. 2 Cir. 2/26/25), 408 So. 3d 1071, 1074.

There are two kinds of succession: testate and intestate. La. C.C. art. 873. Testate succession results from the will of the deceased, contained in a testament executed in a form prescribed by law. La. C.C. art. 874. Intestate succession results from provisions of law in favor of certain persons, in default of testate successors. La. C.C. art. 875. Intestate successors are also called heirs, and testate successors are also called legatees. La. C.C. art. 876.

With respect to testate succession, testamentary dispositions are particular, general, or universal. La. C.C. art. 1584. A universal legacy is a disposition of all of the estate, or the balance of the estate that remains after particular legacies. La. C.C. art. 1585.

5

The legacy to Linda is a universal legacy in that it disposes of all of Mr. Ritter's estate.  Because Linda is named as a universal legatee, the disposition of Mr. Ritter's property follows the terms of his will, and it transfers to her.  Linda, with full benefits of *seizin*, inherited all of Mr. Ritter's property by operation of law.  Melanie and Deborah were not listed in the will and inherited nothing.

The theory advanced by Melanie and Deborah contends that property not listed in a judgment of possession falls to them as Mr. Ritter's intestate heirs.  However, this happens only in the case where no universal legatee is named, which is indisputably not the case here.  Therefore, whether the quitclaim deed is a "donation in disguise" is ultimately beside the point because Linda inherited all of Mr. Ritter's property through his will by operation of law.

In other words, the fact that the judgment of possession does not include the subject property ultimately has no bearing on whether Melanie and Deborah have a right of action to bring a suit asserting an ownership interest in property, the entirety of which was validly transferred to Linda through Mr. Ritter's will.  Moreover, in accordance with La. C.C.P. art. 3393, a succession proceeding can be reopened or amended at any time if other property of the succession is discovered.  As such, a simple amendment to the judgment of possession would cure any deficiencies as to the form of the quitclaim deed.

Because Melanie and Deborah are not listed as heirs in their late father's will, they have no interest in or claim to the subject property and thus have no right of action to bring suit against Linda asserting any

ownership in the subject property.  Accordingly, the trial court correctly granted Linda's exception of no right of action.

## CONCLUSION

For the foregoing reasons, the trial court's ruling is affirmed.  The costs of the appeal are assessed to appellants.

**AFFIRMED.**